# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVOOD NOROOZPARAST <br> No. 15, Pishkar Lane, Armakan 1, <br> Al Ahmad Hwy, <br> 1463635744 <br> Tehran, Iran <br><br> Petitioner(s) <br><br> v. <br><br> ANTONY J. BLINKEN in his official capacity, Secretary, U.S. Department of State; RENA BITTER in her official capacity, Assistant Secretary, Bureau of Consular Affairs; MEGHAN GREGONIS, in her official capacity, Consul General, United States Consulate, Abu Dhabi, United Arab Emirates; JOHN DOE, in his official capacity, Consular Officer, U.S. Consulate, Abu Dhabi, United Arab Emirates <br> U.S. Department of State <br> 2201 C St. NW <br> Washington, DC 20520 <br><br> Respondent(s). | Civil Action No 1:23-cv-201 |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

## INTRODUCTION

COMES NOW DAVOOD NOROOZPARAST (hereinafter "Plaintiff NOROOZPARAST" or "Plainitff"), by and through the undersigned attorney, in the above cause, and states as follows:

1.     This action is brought as a result of Defendants' failure to adjudicate Plaintiff NOROOZPARAST's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time. Plaintiff has a clear right to the adjudication of his Application in a timely manner. The final adjudication of Plaintiff NOROOZPARAST Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.     Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

3.     Plaintiff NOROOZPARAST's Application has been pending in a period of administrative processing for over 64 months (over five years and four months or 1960 days) since Plaintiff NOROOZPARAST completed his immigrant visa interview at the U.S., on September 12, 2017, without any action by the United States Embassy in Abu Dhabi. The NVC and U.S. Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff NOROOZPARAST's Application as any routine and required in person interactions have already taken place.

## PARTIES

4.      Plaintiff NOROOZPARAST is an Iranian national the beneficiary of an approved I-130 by virtue of his relationship to his sister-in-law, Mahshid Marivani. Plaintiff NOROOZPARAST is also the immigrant visa applicant in this matter.

5.      Defendant, ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS").  He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

6.      Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. Assistant Secretary BITTER is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against her in her official capacity.

7.      Defendant MEGHAN GREGONIS is the Consul General of the United States Consulate in Abu Dhabi, UAE.  She is the principal officer in charge of the Consulate.  This action is filed against her in her official capacity.

8.      Defendant John DOE is a Consular Officer at the United States Consulate in Abu Dhabi. UAE. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has

additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11.     Plaintiff NOROOZPARAST has repeatedly requested the Defendants to make a final decision on his immigrant visa Application.  Further, Plaintiff has initiated numerous inquiries with the United States Consulate in Abu Dhabi, United Arab Emirates, without any meaningful resolution.

12.     Plaintiff NOROOZPARAST has exhausted his administrative remedies. Furthermore, Plaintiff NOROOZPARAST has supplied the United States Consulate in Abu Dhabi, United Arab Emirates with documents that establish his eligibility to receive an immigrant visa to come to the U.S. as a permanent resident.

13.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

14.     On September 29, 2010, Plaintiff NOROOZPARAST's Immigrant Visa Case was created based on an approved I-130. Plaintiff NOROOZPARAST continues to qualify as a beneficiary by virtue of his relationship to his sister-in-law, Mahshid  Marivani. [Immigrant Visa Case Number ABD 2010 772 034 02].

15.     On September 12, 2017, Plaintiff NOROOZPARAST appeared for his immigrant visa interview with the United States Consulate in Abu Dhabi, United Arab Emirates. His case was marked for administrative processing following the date of his interview. **[EXHIBIT A].**

16.     Plaintiff NOROOZPARAST's wife was granted an immigrant visa in April 2017 as the beneficiary of an approved I-130, Petition for Alien Relative, also filed by Mahshid Marivani.

17.     On or around May 17, 2022, Plaintiff NOROOZPARAST's case status was changed to "refused for administrative processing" and remains as such as of the time of filing this complaint. **[EXHIBIT B].**

18.      Since his interview on September 12, 2017, the United States Consulate in Abu Dhabi, United Arab Emirates has made no further requests for information or evidence from Plaintiff NOROOZPARAST.

19.     Since appearing for his interview, Plaintiff has made numerous requests with the United States Consulate in Abu Dhabi, United Arab Emirates to adjudicate his Application.

20.     Plaintiffs' inquiries have resulted in continuous responses from the U.S. Consulate in Abu Dhabi, United Arab Emirates stating that the Application is undergoing administrative processing and will take an unknown period of time

21.     Plaintiff NOROOZPARAST's Application continues to be in administrative processing status with the United States Consulate in Abu Dhabi, United Arab Emirates for over 64 months (over five years and four months or 1960 days). **[EXHIBIT B].**

22.     The Department of State, and the U.S. Embassy in Abu Dhabi, United Arab Emirates refuse to allege an average processing time for Immigrant Visa Applications.  Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 64 months (over five years and four months or 1960 days) of processing time.

23.     Plaintiff has endured significant financial and emotional hardships as a result of the unreasonable period of time that his Application has been in administrative processing.

Furthermore, Plaintiff NOROOZPARAST is forced to live apart from his spouse who is required to leave him behind to maintain her own lawful permanent resident status.

**VIOLATION OF THE APA**

24. All prior paragraphs are re-alleged as if fully stated herein.

25. Plaintiff NOROOZPARAST's has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

26. Defendants have a duty to adjudicate Petitioner NOROOZPARAST's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

27. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

28. No other adequate remedy is available to Plaintiff.

29. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff NOROOZPARAST to adjudicate the Application.

30. Given the Defendants' lack of a reason for not making a decision on Plaintiff NOROOZPARAST's Application for over 64 months (over five years and four months or 1960 days), the Application has been pending for an unreasonably long period of time.

31. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

32. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff NOROOZPARAST's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff NOROOZPARAST's case.

33. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff NOROOZPARAST's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff NOROOZPARAST's Application, thereby depriving Plaintiff of the rights to which he is entitled.

34. In addition, as a result of this delay, Plaintiff have incurred enormous costs and now significant attorney's fees; in effect, his entire life is on hold due Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioners respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff NOROOZPARAST's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff NOROOZPARAST's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: January 24, 2023                    Respectfully submitted,

_____/s Sadaf F. Ahmed_____
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Petitioners*